# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**CHRISTOPHER AUSTIN LATHAM,**

                **Petitioner,**

**v.**                                             **Civil Action No. 2:19-cv-108**

**MARK J. BOLSTER, Warden,**
**FCI PETERSBURG (LOW),**

                **Respondent.**

## REPORT AND RECOMMENDATION

In 2014, Petitioner Christopher Austin Latham ("Latham") was found guilty of using interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. §§ 1958 and 2. After unsuccessfully seeking relief on direct appeal and collateral review under § 28 U.S.C. § 2255, Latham has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1). Relying on the "savings clause" in § 2255(e) and the Fourth Circuit's decision in United States v. McCollum, 885 F.3d 300 (4th Cir. 2018), Latham asks the court to (1) vacate his sentence and resentence him "to that of a non-violent crime," and (2) order the Bureau of Prisons ("BOP") to reclassify him as a non-violent offender. (ECF No. 1, at 4-5.)

The Government filed a brief opposing Latham's Petition, (ECF No. 11), and included the notice to pro se plaintiffs required under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Government argues that Latham's claims are not cognizable under § 2241 and that this court therefore lacks jurisdiction to review them. As explained below, the undersigned recommends that the court dismiss the Petition.

1

## I. Statement of the Case[1]

On February 26, 2014, a South Carolina jury found Latham guilty of using interstate commerce facilities in the commission of a murder-for hire, in violation of 18 U.S.C. §§ 1958 and 2.[2] The district court for the District of South Carolina sentenced Latham to a 120-month term of imprisonment. (ECF No. 499.) The Fourth Circuit affirmed Latham's conviction on direct appeal. United States v. Moore, 810 F.3d 932 (4th Cir. 2016). In March 2017, Latham filed a motion to vacate his sentence under 28 U.S.C. § 2255, (ECF No. 571), which the district court denied three months later, (ECF No. 593).

On March 6, 2019, Latham filed the present § 2241 Petition pursuant to the savings clause in § 2255(e). Latham cites the Fourth Circuit's decision in McCollum, 885 F.3d 300, for the

———————————————

[1] The underlying criminal case number for this matter is 2:13-cr-330, District of South Carolina.

[2] Section 1958(a) provides as follows:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

§ 1958(a). Section 2(a) provides, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." § 2(a). Latham contends that he was not found guilty of the underlying § 1958(a) offense but was found guilty of only aiding and abetting its commission. (ECF Nos. 1, at 4; 14, at 3.) However, as § 2(a) makes clear, a person who aids or abets a § 1958(a) conspiracy is treated as if he was an equal member in the conspiracy. § 2(a).

proposition that "conspiracy to commit murder is not a crime of violence" and thus "aiding and abetting [a] conspiracy to commit murder is not a crime of violence." (ECF No. 1, at 4 (internal quotation marks omitted).) Accordingly, Latham seeks to have his sentence vacated and to be "resentenced to a 'non-violent' offense." (Id.) For the same reason, Latham requests that the court order the BOP to rescind its application of the Greatest Severity Public Safety Factor to Latham's custody classification. (Id. at 5.)

On May 29, 2019, the United States filed an opposition brief. (ECF No. 11.) First, the Government argues that Latham cannot invoke the "savings clause" in § 2255(e) to proceed with this Petition under § 2241 because he cannot satisfy the test set out in In re Jones, 226 F.3d 328 (4th Cir. 2000). (Id. at 4-6.) Second, the Government contends that Latham possesses no due process right to challenge the BOP's Public Safety Factor designation. (Id. at 6-7.) Latham filed a Reply to the Government's brief, (ECF No. 14), on August 28, 2019, arguing that United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), not In re Jones, provides the proper jurisdictional analysis, (Id. at 2-3). He argues that he meets the test announced in Wheeler and is entitled to be "resentenced in a manner consistent of [sic] a 'non-violent' offense." (Id. at 5.) The matter is now ripe for decision.

## II. Legal Standard

Section 2255 provides the intended vehicle by which federal prisoners may seek to challenge their convictions or sentences by collateral attack. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Only when § 2255 is "inadequate or ineffective to test the legality of . . . detention" may a federal prisoner pursue relief under § 2241. Id.; § 2255(e). But § 2255 is not rendered "inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d at 333.

3

In re Jones recognized a narrow set of circumstances in which § 2255 would be inadequate to test the legality of a prisoner's detention.  It established a three-part test for prisoners seeking habeas relief under § 2241.  That provision is available if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In March of 2018, the Fourth Circuit decided Wheeler, reaffirming In re Jones but fashioning a new four-part test for prisoners seeking to invoke the § 2255 savings clause to challenge their *sentences* under § 2241.  See 886 F.3d at 429.  Under this test, § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id.

The savings clause of § 2255 is a jurisdictional provision.  Id. at 423.  Accordingly, the court may not consider the merits of Latham's claims but must instead dismiss his Petition unless he is able to satisfy the appropriate test.  Id.

### III. Recommended Conclusions of Law

**A.     Latham's Sentence**

Although Jones remains good law, its three-part test is quite narrow.  See Wheeler, 886 F.3d at 427.  It applies *only* when a change in substantive (but non-constitutional) law renders a

4

prisoner's prior conduct no longer criminal. See Jones, 226 F.3d at 333-34. Wheeler expands the scope of § 2255 savings clause relief to include certain "erroneously imposed sentence[s]." 886 F.3d at 427. But it imposes its own parallel limits to ensure claims of sentencing error are funneled first to the sentencing court, which is best suited to address them. See id. at 429 (emphasizing that "prisoners may only resort to the savings clause where the other avenues for remedy in § 2255 are ineffective").

Here, the parties disagree as to which case, In re Jones or Wheeler, provides the proper jurisdictional analysis. According to the Government, In re Jones applies because, to the extent Latham seeks to be "resentenced to a non-violent offense," he is challenging the legality his conviction. (See ECF No. 11, at 1, 4-6.) Latham responds, however, that Wheeler applies, apparently believing that Wheeler supplanted In re Jones. (See ECF No. 14, at 2-3.)

Regardless of which test applies, the court lacks jurisdiction over the Petition. Specifically, Latham's Petition fails both In re Jones' second step, which asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," 226 F.3d at 334, and Wheeler's second step, which asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review," 886 F.3d at 429.

Latham premises his Petition on the Fourth Circuit's decision in United States v. McCollum, 885 F.3d 300 (4th Cir. 2018). In McCollum, the Fourth Circuit held that a defendant's prior conviction of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), did not constitute a "crime of violence" within the meaning of §§ 2K2.1(a)(4)(A)

and 4B1.2 of the U.S. Sentencing Guidelines ("Guidelines").[3]  Id. at 303, 309.   As a result, the defendant's 18 U.S.C. § 1959(a)(5) conspiracy conviction could not support a crime of violence enhancement under § 2K2.1(a)(4)(A) of the Guidelines.  Id. at 309.

McCollum's holding that a conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) is not a "crime of violence" for purposes of enhancing a later imposed sentence has no bearing on the present Petition.   In McCollum, the underlying charge was possession of a firearm by a convicted felon, and the issue was whether his previous § 1959(a)(5) murder conspiracy conviction could affect the sentence he received for the possession conviction. Id. at 303.  That is not the case here.  Latham is not arguing that his sentence was enhanced because of an antecedent "crime of violence" conviction.  Instead, he is arguing that the charge for which he was sentenced should be considered a non-violent crime in light of McCollum, and the fact that it was not so considered resulted in an illegal sentence. Specifically, he claims that if the crime was characterized as non-violent, he would be eligible for a Mitigating Role adjustment under § 3B1.2 of the Guidelines.  But whether Latham's offense of conviction is properly characterized as a violent crime or non-violent crime under the Guidelines bears no relevance here because it did not affect his sentencing calculation.  Indeed, Latham had no prior criminal history,[4] so the Guidelines enhancement at issue in McCollum did not apply in his case.  That Guidelines provision applies only when "the defendant committed any part of the instant offense subsequent to

------

[3] This stemmed from the Fourth Circuit's conclusion that, unlike the definition of "conspiracy" under the Guidelines, conspiracy to commit murder in aid of racketeering does not require an overt act.  Id. at 308-09.

[4] Sentencing Hr'g Tr. 59:2-3, No. 2:13-cr-330 (D.S.C. Aug. 5, 2019), ECF No. 538.

sustaining one felony conviction of . . . a crime of violence."[5]   U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added).   Furthermore, whether a defendant is eligible for a § 3B1.2 Mitigating Role adjustment turns on the degree of the defendant's participation in the offense, not on whether the offense is characterized as violent or non-violent under the Guidelines.   See U.S.S.G. § 3B1.2 (decreasing the defendant's offense level if the defendant was a "minimal" or "minor" participant in the criminal activity).

Latham has not shown that McCollum changed the substantive law "such that the conduct of which [he] was convicted is deemed not to be criminal," In re Jones, 226 F.3d at 334, nor has he shown a change in substantive law affecting his sentence that "was deemed to apply retroactively on collateral review," Wheeler, 886 F.3d at 429.   Accordingly, regardless which jurisdictional analysis the court applies, the result is the same:   the court lacks jurisdiction to alter Latham's sentence.

**B.      BOP Inmate Security Classification and Custody Designation**

Latham also asks the court to order the BOP to remove the Greatest Severity Public Safety Factor from Latham's custody classification.   (ECF No. 1, at 5.)   "The BOP is responsible for determining the classification and placement of prisoners, 18 U.S.C. § 3621, and has promulgated policies and procedures to guide it in carrying out that mandate."   Perez-Ortega v. Masters, No. 1:13-cv-28901, 2015 WL 6327304, at * 2 (S.D.W. Va. Sept. 18, 2015).   Pursuant to Policy Statement ("PS") 5100.08, the BOP assigns inmates security classifications and custody

---

[5] The sentencing hearing transcript indicates that Latham received a two-point enhancement for obstruction of justice in the presentence report, but the district court sustained Latham's objection to the application of that enhancement.   Sentencing Hr'g Tr. 5:16-19, 12:12-23, 13:1-5, 17:1-2, No. 2:13-cr-330 (D.S.C. Aug. 5, 2019), ECF No. 538.

designations, which includes the use of "Public Safety Factors." PS 5100.08, Ch. 2, p. 4. "Public Safety Factors are designations that account for certain demonstrated behaviors which require increased security measures to ensure the protection of society." Perez-Ortega, 2015 WL 6327304, at *2. Latham was assigned the Greatest Severity Public Safety Factor, which he alleges denies him "the opportunity to fully participate in the [BOP's] education, programming and housing opportunities." (ECF No. 14, at 5.) Latham now argues that McCollum dictates that Latham's crime be considered non-violent, and that the BOP must remove the Greatest Severity Public Safety Factor from his custody classification.[6]

The court likewise lacks jurisdiction to hear Latham's claim with regard to his inmate security classification and custody designation by the BOP. Section 2241 is reserved for challenging the execution of a sentence. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In other words, a petitioner generally may challenge only "the fact or duration of the confinement itself," and not the conditions of confinement, under § 2241. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Although the Preiser Court did not foreclose the possibility of habeas corpus relief to prisoners challenging prison conditions, the Court contemplated that, in such cases, it would be available only to remove "additional and unconstitutional restraints during . . . lawful custody." Id. With that in mind, several courts in this circuit have concluded that when a prisoner challenges his location of confinement or his inability to participate in certain educational or rehabilitative

---

[6] Before asserting this argument here, Latham pursued administrative relief. However, the BOP determined, at multiple levels, that the Greatest Severity Public Safety Factor was properly assigned to Latham's custody classification. (See ECF No. 1, at 7-11.)

programs, he may not proceed under § 2241.[7] See, e.g., Perez-Ortega, 2015 WL 6327304, at *2. In other words, such conditions do not involve "unconstitutional restraints." Preiser, 411 U.S. at 499; see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that federal prisoners have no due process right to challenge their prisoner classification or eligibility for rehabilitative programs); Posey v. Dewalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (holding that federal prisoners have "no protected library interest in a particular classification within the BOP or in being confined in a particular institution").

Here, Latham challenges the BOP's application of the Greatest Severity Public Safety Factor, contending that it "affects the location of incarceration, educational programs, [Residential Drug Abuse Program opportunities] and will hinder full participation in the recent First Step Act legislation." (ECF No. 14, at 5.) First, the court notes that these are challenges to the conditions of confinement. Second, the challenged conditions are not those conditions that would warrant habeas corpus relief. See Preiser, 411 U.S. at 499. Furthermore, even if Latham could show that he would otherwise qualify to participate in the relevant programs absent the BOP prisoner classification (and potentially be eligible for a reduced sentence), Latham's claims in this respect would still be incognizable under § 2241 because Latham has no constitutional right to engage in such programs. Moody, 429 U.S. at 88 n.9; Posey, 86 F, Supp. 2d at 571. In short, the BOP's refusal to permit Latham to participate in the desired programs is insufficient to establish that Latham is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

_____

[7] Instead, the prisoner is limited to pursing civil relief. Campbell v. Deboo, No. 1:11-cv-3, 2011 WL 1694454, at *2 (N.D.W. Va. May 4, 2011).

## Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that the court lacks jurisdiction to hear Latham's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The undersigned therefore recommends that Latham's Petition, (ECF No. 1), be DISMISSED without prejudice for lack of jurisdiction.

## Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 1, 2019

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Christopher Austin Latham**
No. 25674-171
FCI Petersburg Low
P.O. Box 1000
Petersburg, Virginia 23804


and an electronic copy was provided to:

**Sherrie S. Capotosto**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510




Fernando Galindo, Clerk


By _____
             Deputy Clerk


_____November 1_____, 2019